TOBIAS, J.,
concurring in result and dissenting in part.
hi respectfully concur in the result of the majority to reverse the judgment of the trial court and remand this matter to the trial court for further proceedings. I respectfully agree with the majority that we should pretermit a decision on East-over’s peremptory exception of prescription in light of the remand. However, I respectfully dissent from the majority’s decision to pretermit a discussion of East-over’s remaining assignments of error because resolution and discussion of them is material to an understanding of why the trial court erred in failing to grant a new trial.
I ¿The majority fails to address East-over’s assignments of error that the trial court granted excessive and economically inequitable injunctive relief, ordered “relief’ to nonparties to the litigation, ordered implementation of a plan that specifically violated New Orleans zoning ordinances and the settlement agreement between Eastover and the Dunns, and ordered the removal of trees which the Cages did not request. In my view, the trial court’s actions far exceeded anything requested by the Cages’ pleadings and addressed issues not raised in the pleadings (issues that were neither tried with the express or implied consent of the parties). See La. C.C.P. art. 1154. The Cages sought by their petition certain limited relief. The trial court rendered a judgment that far exceeded the relief requested. The trial court’s judgment is thus totally erroneous as a matter of law and fact. A full reversal of the trial court’s judgment is required and a new trial had so that a judgment that conforms to the evidence adduced is rendered.